UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK B. MIILIMAN,

                          Plaintiff,

v.                                                    Civil Action No. _____

GC SERVICES LIMITED PARTNERSHIP,

                          Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Mark B. Milliman is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Services Limited Partnership, (hereinafter "GC") is a foreign limited partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Mark B. Milliman incurred a student loan debt to the U.S. Department of Education. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant GC was employed by the U.S. Department of Education to collect the subject debt.

13. That on or about February 8, 2008, Defendant sent Plaintiff a letter which provided, "Your non-payment is forcing GC Servces to review this account to pursue payment through more direct avenues, such as a recommendation to our client to initiate procedures to garnish [Plaintiff's] wages, or litigation."

14. That on or about February 14, 2008, Defendant left a message on Plaintiff's answering machine stating, "Mr. Milliman when you receive this message I do need to hear from you right away sir." Defendant continued, "It is in reference to a wage garnishment of 428623. Sir, I do need to speak to you right away."

15. That the abovementioned message was overheard by Plaintiff's nephew, Keith Crosby. Prior to said message Mr. Crosby was unaware of the subject debt.

16. That Plaintiff believed there was a judgment against him because Defendant stated "wage garnishment of 428623."

17. That at no time did Defendant posses the intent or authority to pursue legal action against Plaintiff.

18. That upon receipt of said message Plaintiff called the number provided in the message immediately. During the conversation with Plaintiff, Defendant stated, "All I know is that you don't know how to listen." Plaintiff explained that the wage garnishment might cause problems at his job because he works at the Internal Revenue Service. Plaintiff asked Defendant how much would be garnished, to which Defendant responded 25%. Defendant stated Plaintiff had a good Beacon score and he could get a loan the pay the subject debt. Defendant provided Plaintiff with a number of a company to receive a home equity loan.

19. That as a result of the abovementioned telephone conversation Plaintiff was afraid Defendant would contact his employer and jeopardize his job status.

20. That Plaintiff called the home equity loan company but was unable to receive a loan from said company.

21. That Defendant thereafter began to call Plaintiff multiple times per week in an attempt to collect on the subject debt.

22. That in or about June of 2008, Defendant called Plaintiff's place of employment stating it was the "United States Garnishment Department" calling. Defendant thereafter attempted to obtain personal information from Plaintiff in an attempt to collect on the subject debt.

23. That multiple messages were left on Plaintiff's answering machine by Defendant. One such message again stated that the call was, "In reference to garnishment order 428623."

24. That as a result of Defendant's acts Plaintiff Mark B. Milliman became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(b) by leaving a message on Plaintiff's answering machine which was overheard by Plaintiff's nephew, Keith Crosby.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer when sending a letter which provided a recommendation to, "initiate procedures to garnish [Plaintiff's] wages, or litigation," stating there was a wage garnishment against Plaintiff, stating, "All I know is that you don't know how to listen" and by calling Plaintiff at his place of employment stating it was the "United States Garnishment Department" calling.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    D. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(6), 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by calling Plaintiff at his place of employment and failing to state Defendant's true identity and failing to state Defendant is a debt collector.

    E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(1), 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by stating there was a wage garnishment against Plaintiff, leading him to believe there was a judgment entered against him and calling Plaintiff's place of employment stating the "United States Garnishment Department" was calling.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Mark B. Milliman became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Mark B. Milliman demands trial by jury in this action.

Dated: January 27, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com

4

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Mark B. Milliman affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 27, 2009                                                     /s/Mark B. Milliman_
                                                                            Mark B. Milliman